UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>)<br>v.                                                  )<br>)<br>FREDERICK GATES,                    )<br>)<br>　　　Defendant/Petitioner     ) | Criminal No. 2:08-cr-42-DBH-01<br>Civil No. 14-cv-397-DBH |

**ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND REQUEST FOR FURTHER BRIEFING**

On July 7, 2015, the United States Magistrate Judge filed with the court, with copies to the parties, his Report and Recommended Decision on this 28 U.S.C. § 2255 Motion. The defendant/petitioner Gates filed his Objection to the Recommended Decision on July 27, 2015. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the United State Magistrate Judge's analysis on the issues he addressed for the reasons set forth in the Recommended Decision, and below.

However, I request further briefing from the government on an issue that Mr. Gates raised that was not addressed by the government or the United States Magistrate Judge: specifically, whether I applied a 5-year term of supervised release in the erroneous belief that the 5-year term was mandatory.

In concurring with the United States Magistrate Judge's analysis, I note specifically:

**1.**     Mr. Gates denies that he admitted to drug quantity at his guilty plea proceeding and asks that I review the record of that proceeding. I did so. The following colloquy occurred:

> THE COURT: My question is do you agree that during 2007, you had an agreement with Brandon Johnson to distribute or possess with intent to distribute cocaine, as well as [sic] 50 grams or more of cocaine base?
>
> THE DEFENDANT: Yes.
>
> MR. RODWAY: Judge, could I jump in? I think where Mr. Gates is getting hung up is on the concept of "agreement."
>
> THE COURT: All right.
>
> MR. RODWAY: And I've explained to him agreement does not need to be an expressed agreement, and so maybe if you—well, he's answered the question yes, but if the Court wanted to inquire more, I think that that's the issue.
>
> THE COURT: He has answered yes, but I'll explain it as well, Mr. Gates, and your lawyer is correct. What I would tell the jury, if it went to jury verdict, Mr. Gates, is that a conspiracy is an agreement, spoken or unspoken. It doesn't have to be a formal agreement or a plan in which all the details are worked out, but it has to show—the Government has to prove beyond a reasonable doubt that the people involved, that's you and Brandon Johnson, shared a general understanding about the crime; do you understand that?
>
> THE DEFENDANT: Yes.

>THE COURT: All right. Do you agree that on or about January 26, 2008, that you knowingly and intentionally possessed with intent to distribute 50 grams or more of cocaine base?
>
>THE DEFENDANT: Yes.

Rule 11 Proceeding Tr. at 20:11-21:16 (ECF No. 296). Mr. Gates's admission to this quantity is clear.

    **2.**    The record also makes absolutely clear that the imprisonment portion of the sentence I imposed was not affected by any mandatory minimum sentence. I sentenced Mr. Gates well above any applicable minimum in terms of imprisonment.

    **3.**    With respect to calculating the term of imprisonment, the government agreed at the time that I should use the more favorable drug quantity calculations that the Fair Sentencing Act of 2010 ("FSA") created, and I did so. (They did not change the Guideline calculations.)

    **4.**    As a result, neither <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), nor <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012), calls for reduction of the imprisonment portion of Mr. Gates's sentence.

However, Mr. Gates appears to have raised a new issue in his Reply to Gov't's Resp. to Mot. to Vacate, Set Aside or Correct Sentence ("Reply") (ECF No. 380), and then again in his Objection to the Recommended Decision (ECF No. 384). He argues that I improperly imposed a 5-year term of supervised release as a mandatory minimum in violation of the FSA/<u>Dorsey</u> and <u>Alleyne</u>. See Reply at 3, 8-13; Objection to the Recommended Decision at 5-6. Neither the government nor the Recommended Decision addresses this issue.

The record is ambiguous as to the reason I imposed the 5-year term. I did state at sentencing that "[s]upervised release must be five years," Sentencing Tr. at 43:15 (ECF No. 325), without specifying whether I believed that a statutory minimum applied or whether I reached that conclusion as a matter of sentencing discretion. At a conference of counsel before sentencing, the following exchange occurred:

> THE COURT: And I should know this, but is there a mandatory minimum here?
>
> MR. PERRY: There is which would not be 18-to-1 under the old statute. I mean that could be a legal argument you could raise.
>
> MR. MARJERISON: Right.
>
> MR. PERRY: But the --
>
> THE COURT: That's a matter that right now is being briefed in another case --
>
> MR. PERRY: Correct.
>
> THE COURT: -- in terms of the retroactivity of the statutory minimum liberalization.

Sentencing Tr. at 6:2-13. That exchange does not clarify the ambiguity in what I said at sentencing regarding the term of supervised release. I do not have a present recollection of my reasoning beyond what is contained in the transcript.

Given the record, I request the government's response on whether I properly applied the FSA when I sentenced the defendant to 5 years of supervised release. In other words, if I applied the supervised release mandatory minimum in 21 U.S.C. § 841(b)(1)(A) based on the drug amount the defendant agreed to at

4

his guilty plea (50 grams or more of crack), did I err in light of the Supreme Court's holding in Dorsey that the FSA applied to all sentences still to be imposed, such as Mr. Gates's sentence?  (The FSA amended 21 U.S.C. § 841 to increase the drug quantity triggering the 5-year minimum supervised release term from 50 grams or more to 280 grams or more of crack.  After the FSA, offenses involving 28 grams or more of crack but less than 280 grams trigger a 4-year minimum supervised release term.  See 21 U.S.C.  § 841(b)(1)(A), (B); see also Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.)

In the alternative, does the 5-year term of supervised release that I imposed raise an Alleyne issue if I applied the supervised release mandatory minimum in 21 U.S.C. § 841(b)(1)(A) based on the higher drug quantity that I found at sentencing (414 grams of crack)?

Under either scenario, is the defendant able to raise the issue at this time in this motion?

It is therefore **ORDERED** (1) that the defendant's motion is **DENIED** as to all issues except the length of his supervised release and, (2) that the government submit a response on that issue by September 11, 2015.  The defendant then may reply, if he chooses to do so, no later than October 1, 2015.

**SO ORDERED.**

**DATED THIS 20TH DAY OF AUGUST, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

5