UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:08-CR-42-DBH-01 |
| ) | CIVIL NO. 14-CV-397-DBH |
| FREDERICK GATES, ) | |
| ) | |
| DEFENDANT/PETITIONER ) | |

**ORDER ON DEFENDANT'S TERM OF SUPERVISED RELEASE**

As requested in my Order of August 20, 2015, I have now received supplemental briefing from the government and the defendant on whether the five-year term of supervised release I originally imposed was proper when I stated that "[s]upervised release must be five years" without specifying whether I believed that a statutory minimum required five years (it did not) or whether I reached that conclusion as a matter of sentencing discretion.  I now **DENY** the defendant's section 2255 motion with respect to supervised release because he was untimely in raising the issue.  He did not present it in his original appeal or in his timely-filed section 2255 motion; instead, he raised it only in his reply brief to the magistrate judge, outside the limitations period.  It does not relate back to his initial motion, which was based on ineffective assistance of counsel.  See Mayle v. Felix, 545 U.S. 644, 664 (2005) (holding that an amended petition may only relate back when the new claims "are tied to a common core of operative facts.").

That is sufficient, but I add the following. Although I cannot now resurrect my thought process from the 2010 sentencing proceeding, I did not choose a prison term at the bottom of the guideline range and it is unlikely that I would have chosen a minimum supervised release period (here, four years) given my description of the defendant's conduct. Furthermore, once the defendant successfully serves a substantial period of supervised release, he may request (or his supervising officer may request) that the period be shortened.

Accordingly, I now **ORDER** that the defendant's section 2255 motion be **DENIED** in all respects and I **DENY** a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 18TH DAY OF NOVEMBER, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**