# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>)<br>) |
| v. | ) CRIMINAL NO. 2:08-CR-42-DBH-01<br>) |
| FREDERICK GATES, | )<br>)<br>) |
| DEFENDANT | ) |

**ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

On September 21, 2010, I sentenced Frederick Gates to 240 months in prison followed by 5 years of supervised release on two counts of drug trafficking (concurrent). See J. at 2-3 (ECF No. 321). That sentence varied below the Guideline range. The statutory range for each of the charges to which Gates pleaded guilty was 10 years to life, followed by at least 5 years of supervised release. On April 21, 2015, on account of a retroactive 2014 Guideline amendment (Amendment 782) that allowed a reduction, but only to the low end of the new Guideline calculation, USSG § 1B1.10(b), I reduced Gates's sentence by 5 months to 235 months. Order Granting Mot. for Sent. Reduction (ECF No. 381). Gates now has moved under the First Step Act of 2018, Pub. L. No. 115-391, to reduce his sentence to 193 months in prison followed by 4 years of supervised release (concurrent). Mot. at 1 (ECF No. 411). The government resists the motion. See Gov't's Opp'n to Def.'s First Step Act Mot. at 1 (ECF No. 412).

The First Step Act of 2018 allows me to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). Section 2 of the Fair Sentencing Act reduced the statutory penalties for certain drug trafficking violations from what they had been in 2008. Pub. L. No. 111-220, § 2. Specifically, the drug quantity alleged in the original charges against Gates, 50 grams or more of cocaine base, was no longer sufficient to generate the 10-years-to-life penalty with at least 5 years of supervised release. Gates argues that, given his indictment charging 50 grams or more, the lower 841(b)(1)(B) penalty of 5 to 40 years followed by 4 years of supervised release applies to him.[1] See 21 U.S.C. § 841(b)(1)(B). His Guideline range (235 to 293 months) remains the same, but unlike in 2015 when I reduced his sentence by 5 months, he would be eligible now for a variant sentence.

The first dispute between Gates and the government is whether in assessing application of the First Step Act and the Fair Sentencing Act I should look at the drug quantity language of the indictment or the drug quantity established at sentencing. The latter is much higher, well in excess of the 280 grams now necessary for the 10 year to life prison term; it would support the original offense level used in applying the 2014 Guideline amendment. But I have already addressed this dispute in United States v. Lovely, 2:06-cr-62-DBH-2 (D. Me. Apr. 17, 2019) (ECF No. 226), ruling against the government's position.

---

[1] The lower offense statutory maximum reduces the minimum period of supervised release from 5 years to 4 years. The government agrees to this reduction. Gov't's Opp'n to Def.'s First Step Act Mot. at 10 (ECF No. 412).

I see no need to repeat the reasons here. The charging instrument controls and Gates is eligible for relief.

I also recognize that I have discretion to deny relief, but after reading the Revised Presentence Report that Probation prepared on June 21, 2019, I deny the government's request that I do so. I have considered the 18 U.S.C. § 3553(a) factors with particular attention to the parsimony principle and the need to protect the public; and Gates' changed attitude while in prison and the measure of rehabilitation he has achieved, see Pepper v. United States, 562 U.S. 476 (2011). The requested reduction is both appropriate and proportional to the variance I granted in 2010.

The defendant's motion is **GRANTED**. I impose a reduced sentence of 193 months in prison followed by 4 years of supervised release on both counts to be served concurrently.

**SO ORDERED.**

**DATED THIS 6TH DAY OF NOVEMBER, 2019**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**